## Gibbons Estate

*Albert J. Crawford, Jr.* and *Thomas B. Harper, 3rd*, for accountant.

*Donald M. McCurdy*, for Commonwealth.

VAN RODEN, P. J., June 7, 1966.—In this appeal from an inheritance tax assessment, the court is called upon to resolve a problem of interpretation presented by decedent's will.

By his will, decedent bequeathed pecuniary legacies to the Pontifical Society for the Propagation of the Faith for certain masses; bequeathed pecuniary legacies to named individuals absolutely; and devised and bequeathed the residue of his estate to the ". . . Most Reverend John J. Krol, D.D., J.C.D., Archbishop of Philadelphia, or his successor or successors as Archbishop of Philadelphia".

In article twelfth of the will, decedent further provided that in the event any legacy should fail by reason of his death within 30 days from the date of the will, such legacy was to be "paid to the Archbishop of Philadelphia, absolutely for his own uses and purposes".

Since the will contains no specific designation of John J. Krol as trustee for religious purposes, the Commonwealth contends that his residuary legacy is not tax exempt under the provisions of the Inheritance and Estate Tax Act of June 15, 1961, P. L. 373, art. III, sec. 302, as amended, 72 PS §2485-302. The executor of decedent's estate contends that although the residuary legacy does not explicitly state the religious character thereof, the charitable nature may be implied when the legacy is viewed in the context of decedent's will.

72 PS §2485-302 provides that transfers of property to and for the use of any trustee "exclusively for religious, charitable, scientific, literary, or educational purposes" are tax exempt, if no substantial part of the activities of the trustee is carrying on propaganda or otherwise attempting to influence legislation.

The crux of the question before the court is whether in the present case the residuary legacy was given to

the Archbishop "exclusively for religious, charitable purposes".

The cases of Hodnett's Estate, 154 Pa. 485 (1893), and Flood v. Ryan, 220 Pa. 450 (1908), are cited by the Commonwealth in support of its position. However, even though such cases contain language similar to that used by decedent in the present case, the cited cases are not directly in point. In Hodnett's Estate, there was no reference to the successor or successors of the residuary legatee, the gift being to "the Pastor of the St. John's R. C. Church of Altoona, Pennsylvania". That the addition of such wording is a factor which tends to suggest that the legacy is to the Archbishop in his ecclesiastical capacity, and not as a gift to him individually, is suggested by the case of Mieczkowski Estate, 11 Fiduc. Rep. 537 (Orph. Ct. Erie, 1961), where the court found that in a homemade will of a Roman Catholic prelate, a legacy "to my Bishop, or his successor, of Erie, Diocese, Arch. John Mark Gannon" was construed as a legacy to the Archbishop in his ecclesiastical capacity. In Flood v. Ryan, the second Supreme Court case cited in support of the Commonwealth's position, the residuary gift was to "Most Reverend P. J. Ryan, Archbishop of Philadelphia, absolutely". In the case now before the court, it should be noted that the word "absolutely" is absent from the residuary legacy, although it is used after each of the pecuniary legacies to the individuals named in the will.

The Commonwealth also cites O'Donnell's Estate, 21 Dist. R. 492 (Orph. Ct. Phila., 1912), wherein the court held that a bequest was valid where testator died within 30 days after execution of his will providing "In the event that any or all of the gifts to charities hereinbefore made shall fail through any provision of law relating to the formal or due execution of this my will, then I give, devise and bequeath all such portion of my estate, herein directed to be given to charities, to the

Most Reverend Patrick John Ryan, Archbishop of Philadelphia, or to his successor, as Archbishop of said Diocese". When the context of the problem in the O'Donnell Estate case is considered, it seems clear that the gift to the Archbishop was intended to be a personal gift. Any other interpretation would have created an intestacy in the event of decedent's death within 30 days after execution of his will and would have treated the quoted section as surplusage.

In the present case, a careful analysis of decedent's will has caused the court to conclude that decedent's intention was that the residuary legacy pass to the Archbishop in his ecclesiastical capacity, rather than pass as an absolute gift to him as an individual.

Four specific factors have influenced the court in reaching this decision. First, the residuary legacy does not use the word "absolutely", which was used after each of the pecuniary legacies to named individuals. The absence of this word gives rise to the implication that the residuary legacy may have been intended for a more limited purpose. Second is the insertion by testator of the words "the successor or successors as Archbishop of Philadelphia". The significance of these words has been previously discussed and is more fully set forth in the Mieczkowski Estate, supra. Third, decedent was a priest of the Archdiocese of Philadelphia and his will, except for two pecuniary legacies, passes all of his property to the church or officials thereof. Fourth, and finally, perhaps the most significant factor causing the court to reach its decision was the rule of construction that a will should be interpreted to give meaning to all parts thereof.

If decedent had intended the residuary legacy to be to the Archbishop or his successor or successors in their individual capacities, there would appear to be no need for the clause "In the event that any legacy or legacies herein shall fail by reason of my death within thirty

days of the date hereof. .·. . I direct that such legacy or legacies shall be paid to the Archbishop of Philadelphia, absolutely for his own uses and purposes".

If decedent had died within 30 days from the execution of his will, the various pecuniary legacies to the Pontifical Society for the Propagation of the Faith would have failed because of section 1 of the Act of May 16, 1939, P. L. 141, 10 PS §17, and such legacies would have passed in accordance with the residuary legacy. If the residuary legacy were construed in the present case as an absolute gift to the Archbishop as an individual, such legacy would be unaffected by the prohibition of 10 PS §17, cf. O'Donnell's Estate, supra, and the provisions of article twelfth would be superfluous. Only if the residuary legacy is construed as a legacy to the Archbishop in his ecclesiastical capacity, thereby causing the residuary legacy to fail because of the aforesaid statutory provisions, does article twelfth of decedent's will have any bearing on the disposition of decedent's property.

Also, it should be noted that decedent, in the provisions of article twelfth, made the use of the word "absolutely" in describing the gift to the Archbishop and, further, made reference to the personal use to which any legacy passing under such article was to be made. The designation of the extent of the gift and the use thereof in a provision that would otherwise be superfluous has strongly contributed to the court's conclusion that the residuary legacy was intended to be to the Archbishop in his ecclesiastical capacity.

### ORDER

And now, to wit, June 7, 1966, for the reasons hereinbefore set forth, the court hereby finds that the residuary legacy to ". . . Most Reverend John J. Krol, D. D., J. C. D., Archbishop of Philadelphia, or his successor or successors as Archbishop of Philadelphia" in the

context of decedent's will is a transfer which is exempt from the inheritance tax, in accordance with the provisions of 72 PS §2485-302. Accordingly, the appeal of the executor of the above-captioned estate is hereby sustained, and an exemption of the aforesaid legacy is hereby directed.